```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DiMARE HOMESTEAD, INC.,        :    CIVIL ACTION
et al.                         :
                               :
          v.                   :
                               :
KLAYMAN PRODUCE CO., INC.      :
et al.                         :    NO. 12-2577
```

                              MEMORANDUM

McLaughlin, J.                                    October 31, 2012

        The plaintiffs in this case, produce sellers DiMare Homestead, Inc. ("DiMare Homestead") and DiMare Ruskin, Inc. ("DiMare Ruskin"), instituted the present action against Klayman Produce Co., Inc. ("Klayman Produce") and Mark Klayman ("Klayman") to recover amounts allegedly owed to the plaintiffs as trust beneficiaries under the Perishable Agricultural Commodities Act ("PACA").  The plaintiffs seek recovery of the unpaid purchase price of agricultural commodities sold to Klayman Produce, as well as interest and attorneys' fees.  Default has been entered against Klayman Produce and Klayman, and the plaintiffs now move for default judgment.

        The Court will grant in part and deny without prejudice in part the plaintiffs' motion for default judgment.


I.   Factual Background

        DiMare Homestead and DiMare Ruskin are wholesale produce sellers subject to and licensed under PACA.  Perez Decl.

¶ 3 & Ex. 1.  Between January 7, 2012 and February 18, 2012, DiMare Homestead sold and delivered to Klayman Produce eleven shipments of tomatoes for which it has not been paid.  Id. ¶ 8 & Ex. 3.  Between December 27, 2011 and January 4, 2012, DiMare Ruskin also sold and delivered to Klayman Produce four shipments of plums and tomatoes.  Id., Ex. 4.  DiMare Ruskin has yet to be paid for these agricultural commodities, as well.  Id. ¶ 9.  DiMare Homestead and DiMare Ruskin have sued Klayman Produce and Mark Klayman, an officer of Klayman Produce, for the unpaid purchase price and other sums.  See id. ¶ 4.

II.  Analysis

The Court finds that Klayman Produce breached its fiduciary obligations under PACA by failing to pay DiMare Homestead and DiMare Ruskin for the produce it purchased from them.  The record presently before the Court does not demonstrate, however, that Klayman, an officer of Klayman Produce, should also be held personally liable for the company's breach owing to his position within the corporation.  Nor does the current record permit the plaintiffs to recover the full scope of damages that they have requested.  The plaintiffs have not shown that they are contractually entitled to interest or attorneys' fees related to the transactions at issue.  They are, therefore, only entitled to recovery of the unpaid price of their

agricultural commodities and related delivery charges.

    A.    <u>DiMare Homestead and DiMare Ruskin PACA Trusts</u>

PACA was enacted in 1930 to "deter unfair business practices and promote financial responsibility in the perishable agricultural goods market." <u>Weis-Buy Servs., Inc. v. Paglia</u>, 411 F.3d 415, 419 (3d Cir. 2005). The Act, which has subsequently been amended, was "designed primarily for the protection of the producers of perishable agricultural products" and to ensure that they are paid for deliveries of those perishable goods. <u>Id.</u> at 419-20 (quotation marks and citation omitted). PACA imposes a statutory trust in favor of produce sellers on all produce-related assets. 7 U.S.C. § 499e(c)(2). When a produce seller conveys perishable agricultural commodities to a merchant, dealer, or broker, the recipient must maintain, among other things, the produce and any receivables or proceeds from the sale thereof for the benefit of the unpaid produce seller until full payment has been made. <u>Id.</u> The dealer is required to "make full payment promptly" to the agricultural seller. <u>Id.</u> § 499b(4).

To create a PACA trust, a produce seller must provide the buyer with notice of its intention to preserve trust benefits. Notice may appear on a merchant's invoices in the following form: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust

authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."  Id. § 499e(c)(4).

The plaintiffs here included the necessary language on each of their invoices to Klayman Produce, thereby creating a statutory trust under PACA in which their agricultural products are included as trust assets.  See Perez Decl., Exs. 3-4.

    B.    Klayman Produce's PACA Liability

As purchaser of the plaintiffs' produce, Klayman Produce had an obligation to hold those agricultural commodities for the benefit of DiMare Homestead and DiMare Ruskin and to pay the plaintiffs promptly for their produce.  The plaintiffs have submitted a declaration from DiMare Homestead's controller, Mark A. Perez, attesting to the fact that Klayman Produce has not paid the plaintiffs for the produce.  Perez Decl. ¶¶ 8-9, 15-16.  This is a violation of Klayman Produce's fiduciary duties under PACA.  7 U.S.C. §§ 499b(4), 499e(c)(2).  Entry of default judgment against Klayman Produce is, therefore, appropriate.

C.   <u>Mark Klayman's PACA Liability</u>

The plaintiffs also argue that Mark Klayman, as an officer of Klayman Produce, is personally liable for the breach of Klayman Produce's duties under PACA.

When a purchasing company breaches its fiduciary duties to protect PACA trust assets, individuals within the purchaser's corporate structure may, under certain circumstances, also be held liable. <u>Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.</u>, 623 F.3d 163, 170 (3d Cir. 2010); <u>Weis-Buy Servs.</u>, 411 F.3d at 421. Individual liability for violating PACA trust duties may be imposed where the person (1) holds a position that suggests a possible fiduciary duty to preserve PACA trust assets (<u>e.g.</u>, officer, director, or controlling shareholder); and (2) actually is able to control the PACA trust assets at issue.  <u>Bear Mountain Orchards</u>, 623 F.3d at 172.  The Court of Appeals for the Third Circuit has counseled that "[t]he ability to control is core" and that "[a] formal title alone is insufficient" to establish personal liability under PACA.  <u>Id.</u>  Consistent with this standard of liability, a sole shareholder of a purchasing company, who-by virtue of his position-"'manifestly [has] absolute control of the corporation,'" may be held liable for failure to exercise oversight of the company's management of PACA trust assets.  <u>Id.</u> (quoting <u>Golman-Hayden Co. v. Fresh Source Produce Inc.</u>, 217 F.3d 348, 351 (5th Cir. 2000)); <u>see also</u> <u>Hiller</u>

5

Cranberry Prods., Inc. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999); Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 348-50 (S.D.N.Y. 1993).

In his declaration, Perez states that Klayman is "the officer and/or director of Klayman Produce Co., Inc. and is listed on Klayman Produce Co., Inc.'s PACA license accordingly."[1] Perez Decl. ¶ 4. The company's PACA license to which the plaintiffs cite, however, merely states that Klayman is the "Reported Principal" for Klayman Produce. Id., Ex. 2. It is not readily apparent to the Court that listing Klayman as "Reported Principal" means that he is the company's only manager, director, or owner, such that personal liability for the company's PACA violations is appropriate.

The plaintiffs do not elsewhere allege how Klayman was involved in Klayman Produce's business and whether he actually had authority to make managerial decisions for the company. The plaintiffs' assertions are insufficient to demonstrate that Klayman maintained actual control over the PACA trust assets at issue and fail to establish Klayman's individual liability under the second prong of the Bear Mountain Orchard test. See Bear Mountain Orchard, 623 F.3d at 172-74. For that reason, the Court will deny without prejudice the portion of the plaintiffs' motion

---

[1] The plaintiffs' memorandum of law makes a slightly different assertion: that Klayman is "the owner and officer of Klayman Produce Co., Inc." Pls.' Br. at 5.

6

requesting default judgment against Klayman.

    D.   <u>Plaintiffs' Damages</u>

The plaintiffs are entitled to the unpaid price of the produce that they sold and delivered to Klayman Produce. 7 U.S.C. §§ 499b(4), 499e(c)(2). Under PACA, an unpaid produce seller's recovery is not limited to the cost of the commodity itself, however, but extends to all "expenses and fees that are due contractually or otherwise 'in connection with' the transaction that is the subject of the PACA trust claim." <u>Pac. Int'l Mktg., Inc. v. A&B Produce, Inc.</u>, 462 F.3d 279, 286 (3d Cir. 2006) (quoting <u>Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.</u>, 307 F.3d 1220, 1223 (9th Cir. 2002)); 7 U.S.C. § 499e(c)(2). Courts have found that a PACA beneficiary is entitled to shipping costs as part of the expenses related to the sale of perishable fruit and produce. <u>Pac. Int'l Mktg.</u>, 462 F.3d at 286 (collecting cases).

Many of the plaintiffs' invoices to Klayman Produce include a fee for temperature recording and an "Environmental"/"Handling" charge. Perez Decl., Exs. 3-4. These costs appear sufficiently connected to the shipment of the plaintiffs' produce to be recoverable as part of the plaintiffs' PACA claim. <u>See</u> <u>Pac. Int'l Mktg.</u>, 462 F.3d at 286.

In addition, the invoices from DiMare Homestead and

DiMare Ruskin state that they are entitled to 1.5% interest per month on any unpaid balance and that "[i]nterest and attorneys fees necessary to collect payment are sums owing in connection with the transaction." Perez Decl., Exs. 3-4. The Ninth and Eleventh Circuits have held that PACA beneficiaries may recover interest on unpaid sale prices and attorneys' fees related to the collection of money owed under PACA where there is a contractual right to such sums. Middle Mountain Land & Produce, 307 F.3d at 1224, quoted in Pac. Int'l Mktg., 462 F.3d at 286; Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632-33 (11th Cir. 2004) (per curiam). Here, the plaintiffs have not demonstrated that they are contractually owed interest and attorneys' fees in connection with their sale of produce. Critically, the plaintiffs have not provided the Court with the underlying contract or contracts for sale of agricultural commodities to Klayman Produce. For that reason, the Court will deny without prejudice the plaintiffs' request for interest and attorneys' fees.

The plaintiffs' recovery is limited to the unpaid purchase price of produce and related shipping charges readily ascertainable on the face of their invoices to Klayman Produce. On that basis, DiMare Homestead is entitled to $88,156.05 and DiMare Ruskin is entitled to $23,830.50.

III. Conclusion

      For the foregoing reasons, the plaintiffs' motion for default judgment is granted in part and denied without prejudice in part.